COON v. LIEBMANN BREWERIES, Inc.

Civ. No. 10606.

United States District Court
D. New Jersey.

July 22, 1949.

334

Edward V. Ryan, Assistant U. S. Attorney, Newark, N. J., for petitioner.

Samuel H. Nelson, Newark, N. J. for respondent.

SMITH, District Judge.

This is an action under Section 1473 of Title 50 U.S.C.A.Appendix (Civilian Reemployment of Members of Merchant Marine.) The petitioner seeks to recover compensation for the loss of wages suffered by reason of his wrongful discharge by the respondent within one year after restoration to his former position.

Facts

I. The respondent is a corporation engaged in the sale and distribution of beer, and maintains a place of business in Newark, New Jersey.

II. The petitioner was first employed by the respondent as a truck driver in May of 1942 and thereafter was continued in the employ of the respondent until September of 1942, when he left his position to enter the Merchant Marine. The petitioner entered the Merchant Marine on September 7, 1942, and his service therein was formally terminated on No-

vember 19, 1945, as appears from the certificate issued by the War Shipping Administration.

III. The petitioner made application to the respondent for reemployment on August 25, 1945, after his service in the Merchant Marine had actually ended but before the certificate of continuous service issued. The respondent, without just cause, then disputed the petitioner's right to reemployment. Thereafter, on November 25, 1945, the respondent recognized the petitioner's reemployment rights and employed him as a loader; he was restored to his former position as a truck driver on November 26, 1945.

IV. The petitioner was continued in the employ of the respondent from November 25, 1945 until March 29, 1946, when he suffered an inguinal hernia while loading his truck.[1] The petitioner was unable to resume work until June 15, 1946, when he again made application to the respondent for reemployment. The respondent then discharged the petitioner without just cause and without informing him of the reason for his discharge at that time.

V. The respondent was, and had been since 1942 or prior thereto, under a "closed shop" agreement with Local Union No. 153 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers. This agreement, which was apparently renewed periodically during the petitioner's absence, contained the following pertinent provision:

"Paragraph 2. The Company shall employ only such persons as are in possession of a working card issued by the Union, subject only to the limitation that if the Union shall fail to furnish to the Company persons for employment satisfactory to the Employer within twenty-four (24) hours, the Company may employ whomsoever it chooses, provided that such persons receive a working card from the Union prior to starting work."

1. There is a contention here made that the injury sustained by the petitioner was not compensable under the Workmens Compensation Act, R.S. 34:15–1 et seq., N.J.S.A. This contention, however, is irrelevant. There is no evidence that the petitioner was physically unable to resume work on June 15th, when he applied for reemployment.

VI. It appears from the undisputed testimony that during the period between May and September of 1942 the petitioner was the holder of a "working permit" issued by the Union which qualified him for employment under the express provisions of the said contract. A similar "working permit" was again issued to the petitioner in November of 1945, when he was reemployed by the respondent. The petitioner became a member of the Union on January 26, 1946 while employed by the respondent. There can be no doubt that throughout the period of his employment the petitioner was a qualified employee under the said contract.

VII. The petitioner was unemployed for twenty-three weeks, during which time he suffered a loss of wages in the amount of $56.00 per week, a total of $1,288.00. There is testimony before the Court that he was employed periodically at odd jobs for which he received some compensation.

VIII. This action was commenced on September 11, 1947, approximately fourteen months after the petitioner was discharged by the respondent. The delay in the commencement of the action was not attributable to the inexcusable neglect of the petitioner. It appears from the undisputed testimony that the petitioner sought the assistance of the Veterans Administration and the United States Attorney within a reasonable time after he was discharged by the respondent.

## Discussion

It is the contention of the respondent that the petitioner is not entitled to recover compensation for the loss of wages suffered prior to the institution of this action on September 11, 1947. There are cases which support this contention. Dacey v. Bethlehem Steel Co., D.C., 66 F. Supp. 161, 163; Thompson v. Chesapeake & Ohio Ry. Co., D.C., 76 F.Supp. 304, 308; Anglin v. Chesapeake & Ohio Ry. Co., D.C., 77 F.Supp. 359, 363. These decisions create limitations which are neither prescribed by the Act nor contemplated by its express provisions.

[1, 2] This Act, like the Selective Training and Service Act, 50 U.S.C.A. Appendix, § 301 et seq., is remedial legislation which must be "liberally construed for the benefit of those who left private life to serve their country in its hour of great need." See Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230, 167 A.L.R. 110. It is our opinion that this rule of construction necessarily prohibits the courts' reading into the Act conditions or limitations which are not therein expressed. We are willing to concede that a veteran may be guilty of culpable delay tantamount to an abandonment of his rights, but it seems to us that where the charge is made the burden is upon the employer to prove the charge by clear and convincing evidence.

The attention of the Court is directed to the case of Van Doren v. Van Doren Laundry Service, 3 Cir., 162 F.2d 1007, 1012, in which it was held: "If the delay is not attributable to petitioner, it follows that petitioner (is) entitled not only to reinstatement, but also to compensation with interest thereon * * *." We agree with this holding, but we fail to find in it any support for the contention here urged by the respondent. It is our opinion that mere delay which is not accompanied by conduct tantamount to an abandonment of the rights created by the Act will not defeat the petitioner's rights thereunder.

Several of the district courts have recognized laches as a valid defense to actions under the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 308(e), despite the only limitation therein contained, to wit, that the veteran shall apply for reinstatement within the time prescribed. We find no provision in the Act which permits recognition of this defense. However, if the defense is valid it may be sustained only if the established elements are present, to wit, lack of diligence or inexcusable delay in the prosecution of one's rights, and a resulting prejudice to or the impairment of the rights of the adverse party. These elements are lacking in the instant case.

It is the further contention of the respondent that the position held by the pe-

titioner prior to September of 1942, when he entered the Merchant Marine, was a "temporary position" within the meaning of the Act. This contention is based solely on the fact that the petitioner held nothing more than a "working permit" issued by the Union. We cannot agree that this fact is necessarily determinative of the nature of the petitioner's employment.

■ It may be conceded that as between the petitioner and the Union the petitioner was a temporary member, but it clearly appears from the undisputed testimony that he qualified for employment and was entitled to his position for an indefinite period and until replaced by a member holding a "card," as distinguished from a "working permit." The petitioner was not, however, at that time or at any time thereafter a temporary employee within the meaning of the Act. Foor v. Torrington Co., 7 Cir., 170 F.2d 487.

■ It is our opinion that this objection, raised after the petitioner had been reinstated in his former position and subsequently discharged, comes too late. Foor v. Torrington Co., supra. It was therein stated, 170 F.2d at page 490: "When as here, a returning veteran is reinstated in his former position pursuant to the terms of the Act and then replaced at that position within the one year period of grace, the company cannot be heard to argue that the position is temporary."

There are additional arguments advanced by the respondent, but we believe them to be clearly without merit. It is for this reason that we dismiss them without discussion.

### Conclusion

■ The petitioner was discharged by the respondent without just cause, and as a result thereof suffered a loss of wages in the amount of $1,288.00, less the amount earned by him during the period of his unemployment. The petitioner was unable to fix with certainty the amount earned by him, but we estimate that it did not exceed $88.00. A judgment in the amount of $1,200.00 and costs, in favor of the pe-

titioner and against the respondent, may be entered.

Note: It appears from the testimony that the petitioner claimed and received unemployment compensation under the Unemployment Compensation Law, N.J. S.A. 43:21-1, during the period of his unemployment. It is the opinion of the Court that these payments should be refunded to the Commission upon payment of the judgment entered herein.